```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JASON PORTER,

                    Plaintiff,
                                        MEMORANDUM & ORDER
          -against-                     21-CV-5120(JS)(ARL)

FAMILY SERVICE LEAGUE,
MICHELLE NAVAREZ, Family Service
League Director;

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:     Jason Porter, pro se
                   332580
                   Suffolk County Correctional Facility
                   110 Center Drive
                   Riverhead, New York  11901

For Defendants:    No appearances.
```

SEYBERT, District Judge:

On or around September 13, 2021, pro se plaintiff Jason Porter ("Plaintiff") commenced this action while incarcerated at the Suffolk County Correctional Facility by filing a Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against the Family Service League (the "League") and Michelle Narvaez ("Narvaez"), who is alleged to be the League's Director (collectively, "Defendants"). (Compl., ECF No. 1, ¶ I.B.)  Plaintiff filed an application to proceed in forma pauperis ("IFP") along with his Complaint.  (IFP App., ECF No. 2.)  For the reasons that follow, Plaintiff's IFP application is GRANTED; however, the Complaint is DISMISSED for failure to allege a plausible claim for relief.

1

BACKGROUND

Plaintiff's sparse Complaint is submitted on the Court's form complaint for Civil Rights actions under Section 1983 with an additional two pages of attachments. (See generally Compl.) In its entirety, Plaintiff alleges that, on or about January 23, 2021 at 16 Pineaire Drive in Brentwood, New York[1]:

> The plaintiff contends that Family Service League contributed its negligence of its staff at their 16 Pineaire Dr. location for failing to properly train them in CDC and health and measures for when after South Side Hospital officials contacted Family Service League and the staff at 16 Pineaire Dr. Brentwood NY, 11717 and informed them that [BH[2]] a resident at 16 Pineaire Dr. location was at their hospital under their care and tested positive for COVID-19. Family Service League still did not require the staff or residents at the 16 Pineaire Dr. location to be retested to insure that no one at that location, staff or residents had contracted the COVID-19 virus due to current resident testing positive for the virus. This failure left the residents of 16 Pineaire Dr. at risk of even greater danger and this negligence deliberately indiffered everyone residing within the location, residents and staff. Farmer v. Brennan 511 US 834 Wright v. Smith 21 F3D 496. Gross negligence is defined as an intentional or willful failure to perform a clear duty recklessly disregarding the consequences or injury to a person that that attends such failure for on 1/23/21, the Plaintiff was placed at

---

[1] Excerpts from the Complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

[2] Although Plaintiff included this individual's full name, the Court will use only this individual's initials in accordance with the E-Government Act. The Clerk of the Court shall restrict access to the Complaint to only the parties and Court users and shall include a copy of the Court's summary of the E-Government Act with this Memorandum and Order when mailing it to Plaintiff. Plaintiff is cautioned that he must comply with the provisions of the E-Government Act in all future filings with the Court.

> 16 Pineaire Dr. Brentwood NY 11717, a Family Service League location by Suffolk County Emergency housing authority. After residing at said residence for approximately 2 weeks, a resident that had been residing at said residence prior to the Plaintiff being placed at said residence was rushed to the hospital after an epileptic attack when at which time it was discovered that BH was positive for COVID-19 and had been affected for several months.

(Compl. at ECF pp. 6-7.) In the space on the form Complaint that calls for a description of any injuries suffered and/or any medical treatment needed and/or received, Plaintiff responded: "Stress, Mental Anguish, and fear of catching COVID-19." (Id. ¶ II.A.) For relief, Plaintiff seeks to recover a monetary award in the sum of $2 million. (Id. ¶ III.)

## DISCUSSION

### I. Plaintiff's *In Forma Pauperis* Application is Granted

The Court finds that Plaintiff is qualified by his financial status to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's IFP application is GRANTED.

### II. Legal Standards

#### A. Consideration of the Complaint Under 28 U.S.C. §§ 1915, 1915A

Section 1915 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). An action is frivolous as a matter of law when, inter alia, it is based on an "indisputably meritless legal theory" or when it "lacks an arguable basis in law . . . or [when] a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). The Court is required to dismiss the action as soon as it makes such a determination. See 28 U.S.C. § 1915A; Avant v. Miranda, No. 21-CV-0974, 2021 WL 1979077, at *2 (E.D.N.Y. May 18, 2021).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally and to interpret them to raise the "strongest [claims] that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (cleaned up); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). However, the complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a

4

cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 557). Further, a pleading that only "tenders naked assertion[s] devoid of further factual enhancement" will not suffice. Id. at 678 (internal quotation marks and citation omitted). And a court may dismiss a complaint that is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988); Tawfik v. Georgatos, No. 20-CV-5832, 2021 WL 2953227, at *2 (E.D.N.Y. July 14, 2021) (Seybert, J.).

    B.    Section 1983

    Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured. . . .

42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must "allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." Rodriguez v. Shoprite Supermarket, No. 19-CV-6565, 2020 WL 1875291, at *2 (E.D.N.Y. Apr. 15, 2020) (internal quotation marks and citation omitted). In addition, "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award

5

of damages under § 1983." Brandon v. Kinter, 938 F.3d 21, 36 (2d Cir. 2019) (citation and quotations omitted). To establish personal involvement under Section 1983, the plaintiff must "plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution,'" that is, personally participated in the alleged constitutional deprivation. Tangreti v. Bachmann, 983 F.3d 609, 618 (2d Cir. 2020) (quoting Iqbal, 556 U.S. at 675).

III. Application of 28 U.S.C. §§ 1915, 1915A

Applying these standards to Plaintiff's Complaint, even with the special solicitude afforded to pro se pleadings, it is readily apparent that Plaintiff's Section 1983 claims are not plausible.

    A.   Personal Involvement

Wholly absent from Plaintiff's submission are any allegations establishing how the individual Defendant, Narvaez, is personally involved. Indeed, Plaintiff has not alleged any facts demonstrating how Narvaez's conduct or inaction caused the constitutional violation at issue. Rather, she is referenced only in the caption and in the "Parties" section of the Complaint. (See generally Compl.) In the absence of any such allegations, including how her conduct or inaction violated Plaintiff's constitutional rights, Plaintiff's Complaint must be dismissed. Moultrie v. Wright, No. 21-CV-3925, 2021 WL 3372031, at *4

6

(S.D.N.Y. Aug. 3, 2021) (citing Spavone v. N.Y. State Dep't of Corr. Serv., 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.")).

Moreover, insofar as Plaintiff seeks to impose supervisory liability on this Defendant given her alleged position as Director at the League, there is "no special test for supervisory liability." Tangreti, 983 F.3d at 616. As the Second Circuit recently made clear, in order "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability." Id. at 620. Accordingly, the Complaint is DISMISSED as against Narvaez pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

B. Absence of a Constitutional Deprivation

As noted above, a plausible Section 1983 claim requires the deprivation of a constitutional right by a state actor. Here, Plaintiff alleges only that the League was "negligent" in housing Plaintiff with another individual who later tested positive for the COVID-19 virus. (See Compl. at ECF pp. 6-7). However, Plaintiff does not allege that he too contracted the virus, and, in fact, alleges only that he "fear[ed] catching COVID-19." (Id.

7

¶ II.A.) Insofar as Plaintiff attempts to allege a deliberate indifference claim under the Eighth or Fourteenth Amendments, his allegations are insufficient to allege a plausible claim for the reasons that follow.

As this Court recently stated in LaPierre v. Dzurenda, No. 21-CV-0464, 2021 WL 1062287, at *5 (E.D.N.Y. Mar. 17, 2021):

> The Eighth Amendment to the U.S. Constitution protects against the infliction of "cruel and unusual punishments." U.S. CONST. amend. VIII. "The Supreme Court has long recognized that prison officials violate the Eighth Amendment if they are deliberately indifferent to a substantial risk of serious harm to a sentenced prisoner." Pagan v. Rodriguez, No. 20-CV-0251, 2020 WL 3975487, at *4 (D. Conn. July 12, 2020) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994) and Estelle v. Gamble, 429 U.S. 97, 104-05 (1976)). To "establish an Eighth Amendment claim of deliberate indifference to safety, a prisoner must show that: (1) he was subject to conditions of confinement that posed an objectively serious risk of harm, as distinct from what a reasonable person would understand to be a minor risk of harm; and (2) a defendant prison official acted not merely carelessly or negligently but with a subjectively reckless state of mind akin to criminal recklessness (i.e., reflecting actual awareness of a substantial risk that serious harm to the prisoner would result)." Id. (citations omitted); Darnell v. Pineiro, 849 F.3d 17, 29 (2d Cir. 2017) (noting that an Eighth Amendment deliberate indifference claim requires that Plaintiff satisfy two elements: (1) an "objective" element, which requires a showing that the challenged conditions are sufficiently serious, and (2) a "mental" element, which requires a showing that the officer(s) acted with at least deliberate indifference to the challenged conditions).

Although deliberate indifference claims of sentenced inmates are considered under the Eighth Amendment, claims of pretrial detainees are considered under the Fourteenth Amendment. Darnell,

8

849 F.3d at 29. To state a deliberate indifference to health and safety claim under the Fourteenth Amendment, a plaintiff must allege facts in satisfaction of two prongs: (1) an "objective prong" showing that the plaintiff's condition of confinement posed an unreasonable risk of serious harm to the plaintiff, and (2) a "mens rea prong" showing that the state actor's conduct amounts to deliberate indifference to that objectively serious risk of harm. Id. at 29; Charles v. Orange County, 925 F.3d 73, 86 (2d Cir. 2019).

Here, Plaintiff does not allege whether he is a convicted prisoner or a pretrial detainee. Regardless, his sparse allegations make clear that he has not alleged a plausible claim, whether brought pursuant to the Eighth or Fourteenth Amendments. Specifically, even assuming Plaintiff's conditions of confinement posed an objectively serious risk of harm to him, Plaintiff has not pleaded sufficient facts to render plausible his claim that Defendant's conduct constituted deliberate indifference to an objectively serious risk of harm to him. To the contrary, Plaintiff alleges Defendant acted negligently. This is insufficient. Darnell, 849 F.3d at 36. Accordingly, Plaintiff's deliberate indifference claims are DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1).[3]

---

[3] Moreover, it is far from clear that the Defendants are state actors. Ciambriello v. County of Nassau, 292 F.3d 307, 323 (2d

C.   State Law Claims

Plaintiff also seeks to allege state law negligence claims. However, "Section 1983 provides a cause of action for deprivation of federal, and not state, rights." Morton v. County of Erie, 335 F. Supp. 3d 449, 455 n.2 (W.D.N.Y. Sept. 26, 2018) aff'd, 796 F. App'x 40 (2d Cir. 2019) (summary order). Given the dismissal of Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over any state law claims and dismisses them without prejudice. 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."); Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine -- judicial economy, convenience, fairness, and comity -- will point toward declining to exercise jurisdiction

---

Cir. 2002) ("In order to state a claim under § 1983, a plaintiff must allege that he was injured by either a state actor or a private party actin under color of state law. Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.'" (internal citations omitted)). Plaintiff does not allege any facts suggesting that Defendants are state actors, and it appears that the League is a private social services agency.  The Court need not reach this question given that Plaintiff's claims are not plausible for the reasons set forth above.

over the remaining state-law claims."). Plaintiff may pursue any valid state law claims, including negligence, in state court.

## IV. Leave to Amend

Given the Second Circuit's guidance that a pro se complaint should not be dismissed without leave to amend unless amendment would be futile, Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000), the Court has carefully considered whether leave to amend is warranted. Here, **Plaintiff is GRANTED leave to file an Amended Complaint in accordance with the Federal Rules of Civil Procedure and the guidance set forth herein within 30 days from the date of this order.** Any Amended Complaint shall be clearly labeled "Amended Complaint" and shall bear the same Docket Number as this Order, 21-CV-5120(JS)(ARL). Further, because the Amended Complaint will completely replace the original Complaint, it must include all factual allegations and claims that Plaintiff seeks to pursue in this case.

**PLAINTIFF IS WARNED that if he does not file an Amended Complaint within 30 days from the date of this Order, judgment will enter and this case will be dismissed.**

## CONCLUSION

For the reasons stated, **IT IS HEREBY ORDERED** that Plaintiff's IFP application (ECF No. 2) is GRANTED; and

**IT IS FURTHER ORDERED** that Plaintiff's claims are DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A; and

**IT IS FURTHER ORDERED** that Plaintiff is GRANTED LEAVE TO FILE AN AMENDED COMPLAINT, in accordance with the guidance set forth above, within 30 days from the date of this Order. Any Amended Complaint shall be clearly labeled "Amended Complaint" and shall bear the same case number as identified in this Order, No. 21-CV-5120(JS)(ARL). Plaintiff is WARNED that if he does not file an Amended Complaint within 30 days from the date of this Order, judgment will enter and this case will be dismissed; and

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962); and

**IT IS FURTHER ORDERED** that the Clerk of the Court shall (1) restrict access to the Complaint to only the parties and Court users, and (2) mail a copy of this Memorandum & Order to the pro se Plaintiff, along with a copy of the Court's summary of the E-Government Act, at his address of record and include the notation "Legal Mail" on the envelope.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: November  16 , 2021
       Central Islip, New York